UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-20896-CR-LENARD/O'SULLIVAN

UNITED STATES OF AMERICA,
    Plaintiff,

v.

QUARTAVIOUS DAVIS,
    Defendant.
_____/

## ORDER

THIS MATTER came before the Court on the Defendant Davis' Memorandum on Suppression Hearing Fifth Amendment Issues (DE# 178, 8/22/11)[1] and the Government's Brief on Scope of Cross-Examination at Suppression Hearing (DE# 179, 8/22/11). Having reviewed the applicable filings and the law and having heard from the government and the defendant at the evidentiary hearing on August 19, 2011 and August 23, 2011. It is

ORDERED AND ADJUDGED that the government is permitted to cross-examine the defendant on the substance of the underlying offenses for impeachment purposes at the suppression hearing for the reasons stated herein.[2]

## BACKGROUND

On August 19, 2011, the undersigned held an evidentiary hearing on the Defendant Davis' Motion to Suppress Statements (DE# 125, 6/1/11) and Defendant Davis' Motion to Suppress Physical Evidence (DE# 126, 6/1/11). The defendant elected to testify on his own behalf. At the hearing, the defendant's counsel raised the argument that the government could not cross-examine the defendant on issues related to the underlying offenses even for

---

[1] The defendant later filed the Defendant Davis' Corrected Memorandum on Suppression Hearing Fifth Amendment Issues (DE# 182, 8/22/11) to correct some typographical errors. The substance of both filings is the same.

[2] The government has indicated that if the defendant testifies at trial, it will seek to use the defendant's testimony from the suppression hearing against the defendant for impeachment purposes. See Government's Brief on Scope of Cross-Examination at Suppression Hearing (DE# 179 at 5 n. 3, 8/22/11). At trial, the government will not seek to use this testimony in its case-in-chief or in rebuttal.

impeachment purposes. The government's cross-examination of the defendant was terminated and the undersigned allowed the parties to file supplemental memoranda briefing the issue. See Defendant Davis' Memorandum on Suppression Hearing Fifth Amendment Issues (DE# 178, 8/22/11); Government's Brief on Scope of Cross-Examination at Suppression Hearing (DE# 179, 8/22/11).

The Court finds that the government is permitted to cross-examine the defendant on matters related to the underlying offenses for purposes of impeaching the defendant's credibility at the suppression hearing.[3] The defendant relies on United States v. Harrison, 461 F.2d 1127 (5th Cir. 1972) and Calloway v. Wainright, 409 F.2d 59 (5th Cir. 1968) in support of its argument that the government cannot impeach the defendant with matters related to the charged offenses. The Court finds that the cases relied on by the defendant are distinguishable from the instant case.

In Harrison, the defendant testified at his suppression hearing. Harrison, 461 F.2d at 1131. On cross-examination, the government asked the defendant if the confession he had provided to law enforcement officers was true. Id. Over the defendant's objection, the district court ordered the defendant to answer the question. Id. The trial court reasoned that "the question was within the scope of direct examination, i.e. the voluntariness of the confession, and represented an attempt to attack the credibility of the witness rather than an effort to establish the truth or falsity of the confession." Id. The defendant admitted the truth of his confession. Id. The defendant's testimony was not introduced at trial. Id. On appeal, the defendant argued that his Fifth Amendment privilege against compulsory self-incrimination had been violated. Id. The Fifth Circuit affirmed the defendant's conviction. It assumed, without deciding, that the district judge acted improperly in ordering the defendant to answer the question and determined that the alleged error did not prejudice the defendant because the

---

[3] This Order addresses the scope of the government's cross-examination at the suppression hearing. The government will need to obtain a ruling from Judge Lenard with respect to the admissibility of this evidence at trial.

testimony was not introduced at trial and there was sufficient evidence, independent of the defendant's admission, to support the district court's denial of the defendant's motion to suppress. Id. Thus, Harrison did not decide the issue before this Court.

In Calloway, the prosecutor made "comments to the jury concerning the [defendant]'s failure to testify on anything other than the voluntariness of his confession." Calloway, 409 F.2d at 63-64. The Fifth Circuit determined that it was improper for the prosecutor to make these comments: "[w]e find that the trial Court erred in permitting the prosecutor to comment adversely upon [the defendant]'s failure to testify on anything other than the voluntariness of his incriminating statements . . . ." Id. at 66. Calloway is inapplicable to the instant case. The error in Calloway was the prosecutor's comments about the defendant's testimony at trial, not the defendant's testimony itself.

Here, the defendant has placed his credibility at issue by testifying on his own behalf in support of his motions to suppress. The government is permitted to attack the defendant's credibility by questioning the defendant on matters related to the underlying charged offenses. See United States v. Jaswal, 47 F.3d 539, 543 (2d Cir. 1995) (rejecting argument that district court committed error "by allowing the government, over objection and claim of the Fifth Amendment privilege, to cross-examine [the defendant] on the facts of the offense at the suppression hearing, and then permitting the government to confront [the defendant] with that testimony in cross-examining [the defendant] at trial.").

DONE AND ORDERED, in Chambers, at Miami, Florida this **23rd** day of August, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record