**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case 10-20896-CR-GOLD

*THE UNITED STATES OF AMERICA,*

            Plaintiff,

   vs.

*QUARTAVIOUS DAVIS,*

            Defendant.

**COURTROOM 11-1**

**MIAMI, FLORIDA**

**APRIL 30, 2012**

(Pages 1 - 41)

---

**SENTENCING PROCEEDINGS**
**BEFORE THE HONORABLE ALAN S. GOLD**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

APPEARANCES:

**FOR THE GOVERNMENT:**    **ROY K. ALTMAN, A.U.S.A.**
99 N.E. 4th Street
Miami, FL  33132        305.961.9435


**FOR THE DEFENDANT:**    **MICHAEL ZELMAN, ESQ.**
201 Alhambra Circle, Suite 711
Coral Gables, FL 33134    305.358.1600
          (Fax) 305.442.0099


**REPORTED BY:**    **JOSEPH A. MILLIKAN, RPR-CM-NSC-FCRR**
*Official United States Court Reporter*
*Federally Certified Realtime Reporter*
Wilkie D. Ferguson, Jr., United States Courthouse
400 North Miami Avenue, Suite 11-1
Miami, FL  33128      305.523.5588
          (Fax) 305.523.5589

josephamillikan@gmail.com

1

# TABLE OF CONTENTS

2                                                                          Page

3   Sentencing Pronouncement ................................... 38

4   Reporter's Certificate .................................... 41

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22                              # CITATION

23

24                                                                         Page

25   *Abbott v. United States*, 131 S.Ct. 18 ....................... 13

Sentencing Proceedings

3

|  |  |  |
|--|--|--|
| | 1 | **THE COURTROOM DEPUTY:**  All rise. |
| 15:10:38 | 2 | **THE COURT:**  Be seated, please. |
| 15:10:40 | 3 | Mr. Zelman, do you need a few more minutes for the |
| 15:10:50 | 4 | family to arrive? |
| 15:10:51 | 5 | **MR. ZELMAN:**  Thank you, Judge, for inquiring.  I did |
| 15:10:54 | 6 | talk to them this morning.  They are in town.  They arrived from |
| 15:10:57 | 7 | Alabama apparently last night. |
| 15:11:00 | 8 | They knew it was three o'clock.  I just a moment ago |
| 15:11:03 | 9 | tried a telephone that I have for them, a cell phone number. |
| 15:11:07 | 10 | There was no answer which is probably a positive sign.  It means |
| 15:11:11 | 11 | that they've left their phones in their car since they're not |
| 15:11:14 | 12 | allowed to take a phone into the courthouse, so I would imagine |
| 15:11:17 | 13 | they're here. |
| 15:11:18 | 14 | **THE COURT:**  All right.  Why don't we wait until 3:15. |
| 15:11:23 | 15 | **MR. ZELMAN:**  Thank you, Judge. |
| 15:11:24 | 16 | **THE COURT:**  You can try calling again, and then we'll |
| 15:11:26 | 17 | get started.  Any problem with that? |
| 15:11:32 | 18 | **MR. ALTMAN:**  No.  Thank you, Judge. |
| 15:11:36 | 19 | **THE COURT:**  Okay.  See you in a few minutes. |
| | 20 | **MR. ZELMAN:**  Thank you, Judge. |
| 15:11:39 | 21 | [There was a short recess taken at 3:11 p.m.] |
| | 22 | **AFTER RECESS** |
| 15:22:19 | 23 | [The proceedings in this cause resumed at 3:22 p.m.] |
| 15:27:13 | 24 | **THE COURT SECURITY OFFICER:**  All rise. |
| 15:27:19 | 25 | **THE COURT:**  Please be seated. |

| | | |
|---|---|---|
| 15:27:24 | 1 | Good afternoon.  This is Case 10-20896.  May I start |
| 15:27:31 | 2 | with appearances, first on behalf of the United States. |
| 15:27:33 | 3 | **MR. ALTMAN:**  Good afternoon, Your Honor.  Roy Altman on |
| 15:27:35 | 4 | behalf of the United States and seated with me at counsel table |
| 15:27:39 | 5 | is Detective Carl Rousseau of the Miami-Dade Police Department. |
| 15:27:43 | 6 | **THE COURT:**  All right, sir.  Thank you.  And on behalf |
| 15:27:45 | 7 | of Mr. Davis? |
| 15:27:47 | 8 | **MR. ZELMAN:**  Your Honor, good afternoon.  Michael |
| 15:27:48 | 9 | Zelman on behalf of Quartavious Davis who's present in court. |
| 15:27:52 | 10 | **THE COURT:**  Thank you.  And on behalf of probation, |
| 15:27:55 | 11 | please? |
| 15:27:55 | 12 | **THE PROBATION OFFICER:**  Good afternoon, Your Honor. |
| 15:27:58 | 13 | Lucrecia Peralta, U.S. Probation. |
| 15:28:01 | 14 | **THE COURT:**  Good afternoon.  May I ask that Mr. Davis |
| 15:28:04 | 15 | be sworn. |
| 15:28:06 | 16 | [The defendant was sworn by the clerk at 3:28 p.m.] |
| 15:28:15 | 17 | **THE COURT:**  All right.  This matter is before the Court |
| 15:28:18 | 18 | today for sentencing.  Mr. Zelman, let me begin with the |
| 15:28:23 | 19 | presentence report.  Be seated, please. |
| 15:28:26 | 20 | I know that you've had the opportunity to review the |
| 15:28:31 | 21 | report and file objections but for the record, would you state |
| 15:28:36 | 22 | if you had the opportunity to review the report with your |
| 15:28:40 | 23 | client? |
| 15:28:40 | 24 | **MR. ZELMAN:**  Yes, Your Honor.  Should I remain seated |
| 15:28:44 | 25 | while talking? |

Sentencing Proceedings

| | | |
|---|---|---|
| 15:28:44 | 1 | **THE COURT:**  Yes.  I invite both the United States and |
| 15:28:49 | 2 | defense and probation to do that. |
| 15:28:52 | 3 | **MR. ZELMAN:**  Thank you, Your Honor.  Yes, Mr. Davis and |
| 15:28:54 | 4 | myself have discussed the PSI report.  He's aware of the |
| 15:28:59 | 5 | information that's there, and I've discussed this with him also, |
| 15:29:03 | 6 | the objections that I filed, and the basic outline of the |
| 15:29:06 | 7 | argument that I intend to make. |
| 15:29:11 | 8 | **THE COURT:**  All right.  But before we get there, let me |
| 15:29:13 | 9 | put the matter somewhat in perspective by discussing it with |
| 15:29:19 | 10 | Probation for a moment. |
| 15:29:20 | 11 | In the report if we can go to Page 11 where you start |
| 15:29:31 | 12 | the offense level computation, what you have done is to take all |
| 15:29:39 | 13 | the offenses and make multiple adjustments to come out with a |
| 15:29:44 | 14 | total offense level of 25. |
| 15:29:48 | 15 | **THE PROBATION OFFICER:**  Yes, Your Honor. |
| 15:29:49 | 16 | **THE COURT:**  And I think there was no objection to that |
| 15:29:51 | 17 | calculation. |
| 15:29:52 | 18 | **MR. ZELMAN:**  That's correct. |
| 15:29:54 | 19 | **THE COURT:**  And there is no dispute about Mr. Davis's |
| 15:30:00 | 20 | criminal history category of 1. |
| 15:30:03 | 21 | **MR. ZELMAN:**  I certainly don't, Judge. |
| 15:30:05 | 22 | **THE COURT:**  Yes.  So the issues here really concern the |
| 15:30:14 | 23 | calculation of the sentence under the statute.  If we can turn |
| 15:30:19 | 24 | in the presentence report to Paragraph 106 on Page 21, it would |
| 15:30:31 | 25 | be helpful to have Probation go through this paragraph with all |

| | | |
|---|---|---|
| 15:30:38 | 1 | of us in some detail and relate it back to the statute, |
| 15:30:45 | 2 | particularly as it relates to what the statute requires as |
| 15:30:53 | 3 | minimum consecutive terms and how you have reached your |
| 15:30:58 | 4 | calculations. |
| 15:31:02 | 5 | **THE PROBATION OFFICER:**  Your Honor, basically I stated |
| 15:31:04 | 6 | in Paragraph 106 of the PSI:  Counts 1, 2, 4, 6, 8, 10, 13, 15, |
| 15:31:12 | 7 | and 16, they carry a statutory sentence of zero to 20 years of |
| 15:31:21 | 8 | imprisonment, Your Honor.  So for those counts, the Court can |
| 15:31:23 | 9 | sentence anywhere again between zero to 20 years. |
| 15:31:25 | 10 | Now as to Count 3, Count 3, which is possession of a |
| 15:31:29 | 11 | firearm in furtherance of a crime of violence, Your Honor, that |
| 15:31:35 | 12 | particular count has to be consecutive to any other term of |
| 15:31:39 | 13 | imprisonment, and that count calls for a minimum imprisonment |
| 15:31:45 | 14 | sentence of seven years, a maximum of life. |
| 15:31:50 | 15 | Now if you look at the remaining counts which are |
| 15:31:53 | 16 | similarly to Count 3, again which is possession of a firearm in |
| 15:31:57 | 17 | furtherance of a crime of violence, those counts are consecutive |
| 15:32:06 | 18 | to, let's say, for example, the zero to 20 years of imprisonment |
| 15:32:10 | 19 | counts, and so that's how, Your Honor, Probation came to a total |
| 15:32:17 | 20 | sentence of 1,941 months' imprisonment. |
| 15:32:23 | 21 | So basically, Your Honor, again Count 3, that's seven |
| 15:32:27 | 22 | years which, I believe, is 84 months, and then all the other |
| 15:32:34 | 23 | counts which are similar to that one, Counts 5, 7, 9, 11, 14, |
| 15:32:38 | 24 | and 17 -- I believe 25 years is 300 months, Your Honor -- so 300 |
| 15:32:49 | 25 | months times those six counts, that's 1,800 months of |

| | | |
|---|---|---|
| 15:32:52 | 1 | imprisonment. |
| 15:32:53 | 2 | **THE COURT:**  All right.  Just for the record, the 25 |
| 15:32:58 | 3 | years comes from Title 18 United States Code § 924(a)(1)(C). |
| 15:33:14 | 4 | **THE PROBATION OFFICER:**  It should be little |
| 15:33:15 | 5 | (c)(1)(C)(i). |
| 15:33:20 | 6 | **THE COURT:**  Yes.  All right.  So Mr. Zelman, I don't |
| 15:33:26 | 7 | think you take issue that that's what the statute says. |
| 15:33:33 | 8 | **MR. ZELMAN:**  I'm sorry.  That is correct, Your Honor. |
| 15:33:36 | 9 | Also, although I didn't indicate it in my objection which, by |
| 15:33:41 | 10 | the way, there's no memorandum.  I indicated in my objections |
| 15:33:44 | 11 | that I would be filing a memorandum.  I did not. |
| 15:33:49 | 12 | What's not indicated in those objections is that the |
| 15:33:52 | 13 | U.S. Supreme Court years ago found that the statute says what it |
| 15:33:56 | 14 | says and that as a matter of statutory construction, a second or |
| 15:34:02 | 15 | subsequent conviction can be found simultaneous with the first |
| 15:34:08 | 16 | conviction for purposes of sentencing under this particular |
| 15:34:12 | 17 | statute. |
| 15:34:12 | 18 | That was the *Deal* case, Your Honor.  So I don't dispute |
| 15:34:17 | 19 | that that's what the statute says. |
| 15:34:20 | 20 | **THE COURT:**  But where there are intervening acts and |
| 15:34:26 | 21 | the crimes occurred on different days, they are independent |
| 15:34:34 | 22 | crimes.  That Supreme Court case is not indicating that there |
| 15:34:39 | 23 | should be a combination of all of those matters at the same |
| 15:34:46 | 24 | time, is there? |
| 15:34:47 | 25 | **MR. ZELMAN:**  Well, the way I read *Deal*, Judge, is that |

| | | |
|---|---|---|
| 15:34:51 | 1 | it was strictly a statutory construction case interpreting the |
| 15:34:54 | 2 | words in the statute which say a second -- well, let me get the |
| 15:35:00 | 3 | statute out.  It says "a second or subsequent conviction under |
| 15:35:04 | 4 | this subsection." |
| 15:35:06 | 5 |      *Deal* interpreted those words to mean that the |
| 15:35:09 | 6 | Government can in a single Indictment allege multiple 924(c) |
| 15:35:17 | 7 | offenses which, if otherwise properly found by a jury, support |
| 15:35:24 | 8 | the mandatory minimum sentencing scheme, including the |
| 15:35:28 | 9 | consecutive nature which is contained within the statute. |
| 15:35:34 | 10 |      That was simply again, I emphasize, a statutory |
| 15:35:39 | 11 | construction imposed by Congress found by the Supreme Court.  It |
| 15:35:44 | 12 | did not address any constitutional issues which have since been, |
| 15:35:49 | 13 | I think, developed far more than were present at the time of the |
| 15:35:53 | 14 | *Deal* decision. |
| 15:35:56 | 15 | **THE COURT:**  All right.  So why don't we go through each |
| 15:36:00 | 16 | one of the objections as you've analyzed them in the memorandum |
| 15:36:04 | 17 | that the Government has filed -- |
| 15:36:06 | 18 | **MR. ALTMAN:**  Yes, sir. |
| 15:36:06 | 19 | **THE COURT:**  -- at Docket Entry 327, and we'll have |
| 15:36:10 | 20 | point and counterpoint on that, and you may comment on *Deal* as |
| 15:36:14 | 21 | you feel appropriate. |
| 15:36:16 | 22 | **MR. ZELMAN:**  Thank you, Judge.  Would you like me to |
| 15:36:17 | 23 | start? |
| 15:36:18 | 24 | **THE COURT:**  Well, since you've raised the objections, |
| 15:36:21 | 25 | the Government bears the burden with respect to the sentence.  I |

| | | |
|---|---|---|
| 15:36:25 | 1 | think it's only appropriate that we start with the Government's |
| 15:36:28 | 2 | position first. |
| 15:36:30 | 3 | **MR. ALTMAN:**  Okay.  Your Honor, the way that I analyzed |
| 15:36:33 | 4 | them in my response was simply in the order in which they |
| 15:36:36 | 5 | appeared in Mr. Zelman's objections, so I'll just go in that |
| 15:36:40 | 6 | order. |
| 15:36:40 | 7 | The first objection was that the gun charge, the 924(c) |
| 15:36:46 | 8 | charge in Count 17, that the Government hadn't proven that the |
| 15:36:51 | 9 | defendant actually possessed a firearm in furtherance of the |
| 15:36:54 | 10 | Mayors Jewelry Store robbery that occurred on October 1, 2010. |
| 15:36:59 | 11 | However, the defendant seems to concede that it's not |
| 15:37:05 | 12 | required that the Government actually prove that he actually |
| 15:37:07 | 13 | held a gun in his hand.  The defendant cites a constructive |
| 15:37:13 | 14 | possession case.  Actually, the theory at trial was aiding and |
| 15:37:16 | 15 | abetting when, in fact, the Court provided the jurors with an |
| 15:37:19 | 16 | instruction which I cited in my response, which is that a |
| 15:37:23 | 17 | defendant is criminally responsible for the acts of another |
| 15:37:27 | 18 | person if the defendant aids and abets that other person and a |
| 15:37:31 | 19 | defendant aids and abets a person if the defendant intentionally |
| 15:37:35 | 20 | joins with the person to commit a crime. |
| 15:37:37 | 21 | So in this case the evidence was that Mr. Davis had |
| 15:37:41 | 22 | intentionally joined with Sylvester Fisher and others to rob the |
| 15:37:47 | 23 | Mayors Jewelry Store on October 1, 2010, and the evidence, I |
| 15:37:50 | 24 | think, was undisputed that during the course of that robbery, |
| 15:37:52 | 25 | Mr. Fisher possessed a firearm and that he possessed it in |

| | | |
|---|---|---|
| 15:37:57 | 1 | furtherance of that robbery, to the extent that he used it to |
| 15:38:02 | 2 | get all of the employees to comply with his instructions. |
| 15:38:05 | 3 | And so for that reason, the jury found that the |
| 15:38:07 | 4 | defendant was guilty of Count 17 because he had aided and |
| 15:38:12 | 5 | abetted Mr. Fisher in the commission of a crime, to-wit:  the |
| 15:38:17 | 6 | possession of a firearm in furtherance of that robbery. |
| 15:38:20 | 7 | THE COURT:  Any response on that first objection? |
| 15:38:23 | 8 | MR. ZELMAN:  Yes, Your Honor. |
| 15:38:26 | 9 | I hear Mr. Altman say that the Government's theory is |
| 15:38:29 | 10 | aiding and abetting.  I didn't hear that in front of the jury. |
| 15:38:34 | 11 | I didn't hear them argue it that way.  Maybe my recollection is |
| 15:38:38 | 12 | different than the Court's or different than Mr. Altman's. |
| 15:38:42 | 13 | I heard the Government proceed on some kind of |
| 15:38:44 | 14 | possession theory.  That's how the jury found in the verdict. |
| 15:38:50 | 15 | I recognize that the Court denied my Rule 29 motion in |
| 15:38:54 | 16 | this regard, but I don't agree that there's sufficient evidence |
| 15:38:57 | 17 | of aiding and abetting, and I don't believe that an aiding and |
| 15:39:02 | 18 | abetting theory would work in this case against Mr. Davis for |
| 15:39:07 | 19 | that count, so I'd rest my argument on that point. |
| 15:39:13 | 20 | THE COURT:  Go ahead, sir. |
| 15:39:13 | 21 | MR. ALTMAN:  Your Honor, if I could just respond to |
| 15:39:15 | 22 | that.  I suppose we could pull out the transcripts, and I |
| 15:39:20 | 23 | certainly don't expect everyone to remember any aspect of my |
| 15:39:23 | 24 | closing; but to the extent that I do, the Court may remember |
| 15:39:26 | 25 | that I specifically talked to the jurors about aiding and |

| | | |
|---|---|---|
| 15:39:31 | 1 | abetting with respect to that count and that robbery and, in |
| 15:39:34 | 2 | fact, I provided them with a mental image about aiding and |
| 15:39:38 | 3 | abetting, and that was the image of two children and a cookie |
| 15:39:42 | 4 | jar and about the one smaller child getting on the shoulders of |
| 15:39:48 | 5 | the bigger child to reach into the cookie car. |
| 15:39:51 | 6 | I explained to them that both of those children -- the |
| 15:39:52 | 7 | older one who never reached his hand into the cookie jar and |
| 15:39:56 | 8 | the one who got on his shoulders and reach his hand into the |
| 15:39:59 | 9 | cookie jar -- are just as guilty of stealing the cookie, even |
| 15:40:01 | 10 | though the older kid never actually reached his hands into the |
| 15:40:04 | 11 | cookie jar. |
| 15:40:05 | 12 | So our theory was aiding and abetting with respect to |
| 15:40:07 | 13 | that gun.  They participated in the venture together just as the |
| 15:40:11 | 14 | instruction told the jurors, and the jurors found that he was |
| 15:40:13 | 15 | guilty on that count. |
| 15:40:15 | 16 | THE COURT:  Well, first, the Government asked and, in |
| 15:40:20 | 17 | fact, I think the Indictment contained an aiding and abetting |
| 15:40:26 | 18 | count. |
| 15:40:27 | 19 | MR. ALTMAN:  That's correct. |
| 15:40:28 | 20 | THE COURT:  And the Government asked for an instruction |
| 15:40:31 | 21 | which was included in aiding and abetting and argued it with |
| 15:40:34 | 22 | respect to this particular count, and the evidence in my view |
| 15:40:43 | 23 | beyond a reasonable doubt established that there was aiding and |
| 15:40:49 | 24 | abetting here with respect to the firearm. |
| 15:40:53 | 25 | Even though Fisher possessed the firearm, he did it in |

| | | |
|---|---|---|
| 15:40:58 | 1 | furtherance of the robbery, and the defendant participating with |
| 15:41:09 | 2 | him, as evidenced certainly by the tapes and the like, is |
| 15:41:09 | 3 | criminally responsible for the possession of the firearm, so I'm |
| 15:41:12 | 4 | going to deny the first objection. |
| 15:41:14 | 5 | The second objection goes to the imposition of |
| 15:41:17 | 6 | mandatory minimum sentences.  Do you want to comment on that? |
| 15:41:24 | 7 | Is this, as suggested by Mr. Zelman, a matter of discretion as |
| 15:41:31 | 8 | you read the statute? |
| 15:41:32 | 9 | **MR. ALTMAN:**  Your Honor, under the clear language of |
| 15:41:35 | 10 | the statute, it is not a matter of discretion.  The statute very |
| 15:41:42 | 11 | clearly uses the word *shall*.  With respect to Subsection C in |
| 15:41:51 | 12 | the case of the second or subsequent conviction under this |
| 15:41:54 | 13 | subsection, the person *shall* be sentenced to a term of |
| 15:41:57 | 14 | imprisonment of not less than 25 years.  I apologize, Your |
| 15:42:03 | 15 | Honor.  I'm a little bit under the weather. |
| 15:42:05 | 16 | **THE COURT:**  It's all right, sir.  Take your time. |
| 15:42:07 | 17 | **MR. ALTMAN:**  But as I indicated in my response, the |
| 15:42:10 | 18 | Eleventh Circuit has explicitly unheld the constitutionality of |
| 15:42:15 | 19 | this mandatory minimum provision which must, under the terms of |
| 15:42:18 | 20 | the section itself, run consecutive to any other sentence |
| 15:42:22 | 21 | imposed. |
| 15:42:23 | 22 | In fact, I didn't cite this case in my response |
| 15:42:26 | 23 | because, frankly, I didn't see it as being relevant until |
| 15:42:29 | 24 | actually having a discussion with Mr. Zelman, but the United |
| 15:42:33 | 25 | States Supreme Court last year in the case of *Abbott v. United* |

15:42:37  1  *States*, which was a case that we were citing with respect to

15:42:42  2  cases involving drugs and guns, which this case did not involve,

15:42:46  3  but in *Abbott v. United States*, 131 S.Ct. 18, a November 2010

15:42:52  4  decision, the Supreme Court, of course, held that the Second

15:42:56  5  Circuit view about 924(c) in *United States v. Williams* was

15:43:01  6  incorrect.

15:43:01  7         The Second Circuit's view, the Court may remember, was

15:43:04  8  that there was wiggle room in 924(c) for a Court to impose a

15:43:09  9  concurrent 924(c) section when the underlying charge created a

15:43:16  10  mandatory minimum penalty that was higher than the 5, 7, or 25

15:43:20  11  years under 924(c), and the Supreme Court in *Abbott* said that

15:43:23  12  that was not true.

15:43:24  13         The Supreme Court held that those sentences must run

15:43:27  14  consecutive to one another.  That's true in the plain meaning of

15:43:32  15  the statute, and I think the case law backs that up.

15:43:34  16         **THE COURT:**  Mr. Zelman?

15:43:35  17         **MR. ZELMAN:**  Yes.  The *Abbott* case, Judge, dealt with

15:43:38  18  something called the *except clause* which is present in 924(c).

15:43:42  19         I'm not concerned with that clause.  My arguments don't

15:43:45  20  involve that at all.  I don't think *Abbott* is at all pertinent

15:43:50  21  to the discussion here.

15:43:51  22         The issue as I see it, Judge, is in Section (2)(A) of

15:44:02  23  my objections.  And to the extent that I suggest that the Court

15:44:05  24  has discretion, I don't think that that's really what I want to

15:44:09  25  argue to the Court.

15:44:11  1      I think the correct way of phrasing it, Your Honor, is

15:44:15  2  that precedent from the U.S. Supreme Court shows -- and it

15:44:19  3  requires some understanding of this precedent -- that Congress

15:44:26  4  cannot create a statute which tells a District Judge that you

15:44:33  5  must impose sentences consecutively.

15:44:39  6      That isn't the problem with 924(c).  The subsection

15:44:43  7  that involves the mandatory nature of consecutiveness with

15:44:49  8  respect to these counts is Subsection D within 924(c).

15:44:58  9      The cases that, I think, demonstrate this, Your Honor,

15:45:02  10  are to some extent new.  In *Setser,* which is cited in my

15:45:09  11  objection, is only about a month old.  In *Setser*, the U.S.

15:45:13  12  Supreme Court said that a District Judge has the power, and

15:45:18  13  apparently always has had the power, to impose a sentence

15:45:24  14  consecutively to a future sentence which has not yet been

15:45:31  15  imposed, in some case that has not yet even be concluded.

15:45:36  16      In other words, what the Supreme Court now

15:45:39  17  recognizes -- and this is just a month ago -- is that your

15:45:44  18  authority to decide whether a sentence should be consecutive or

15:45:52  19  concurrent is your authority and your power alone.

15:45:55  20      Now, what I did, Judge, was I went backwards from

15:45:59  21  *Setser* to look at what had occurred in the U.S. Supreme Court

15:46:04  22  regarding judicial power because it's not something that we deal

15:46:08  23  with.

15:46:09  24      It is very rare except for, apparently, the 1950s, that

15:46:15  25  Congress and the courts ever tussled over who has the power to

| | | |
|---|---|---|
| 15:46:20 | 1 | do something.  And the case which I cited for judicial power is |
| 15:46:27 | 2 | the *Barenblatt* case where the U.S. Supreme Court said, well, |
| 15:46:32 | 3 | Congress can look at certain issues and summon people to testify |
| 15:46:39 | 4 | before them and give them immunity and do all kinds of things |
| 15:46:43 | 5 | that are sort of judicial, but we're not going to let it go much |
| 15:46:47 | 6 | further than that because Congress is Congress and the courts |
| 15:46:52 | 7 | are the courts. |
| 15:46:55 | 8 | I'm sorry, Judge.  Okay. |
| 15:46:58 | 9 | **THE COURT:**  Go ahead. |
| 15:47:02 | 10 | **MR. ZELMAN:**  I think there are two Supreme Court cases |
| 15:47:05 | 11 | that illustrate this concept of judicial power with respect to |
| 15:47:10 | 12 | concurrent sentencing other than *Setser* and they appear in my |
| 15:47:15 | 13 | supplemental authority notice. |
| 15:47:19 | 14 | If you go back to 1990 when the U.S. Supreme Court, or |
| 15:47:26 | 15 | maybe '89, I'm sorry.  Yes.  It's 1989 when the U.S. Supreme |
| 15:47:31 | 16 | Court decided *Mistretta* and accepted that the guidelines were |
| 15:47:41 | 17 | constitutional.  An essential part of that analysis that reads |
| 15:47:45 | 18 | throughout the *Mistretta* decision is the Supreme Court's basic |
| 15:47:52 | 19 | understanding that what Congress had created when it created the |
| 15:47:56 | 20 | Commission, the Sentencing Commission, was that Congress had |
| 15:47:59 | 21 | created an aspect of judicial authority for which it was |
| 15:48:04 | 22 | detached once it had created it. |
| 15:48:07 | 23 | So what *Mistretta* says is that Congress created a |
| 15:48:14 | 24 | Sentencing Commission which decides the mandatory nature of |
| 15:48:18 | 25 | sentences which are going to be imposed under the guidelines |

| | | |
|---|---|---|
| 15:48:21 | 1 | and, of course, in 1989, until we had *Blakely*, the sentencing |
| 15:48:29 | 2 | guidelines were mandatory.  The courts had to follow it, but |
| 15:48:33 | 3 | that was because Congress had fairly and constitutionally |
| 15:48:39 | 4 | allocated the power of mandatory sentencing to the courts and |
| 15:48:44 | 5 | had not retained it itself when it created the Sentencing |
| 15:48:46 | 6 | Commission. |
| 15:48:49 | 7 | The third case -- that's *Setser*, *Mistretta*, and now the |
| 15:48:55 | 8 | third case -- is the *Legal Services* case cited in my |
| 15:48:57 | 9 | supplemental authority. |
| 15:48:59 | 10 | In that case the Supreme Court was concerned with |
| 15:49:03 | 11 | whether or not Congress could restrict the legal arguments that |
| 15:49:11 | 12 | *Legal Services* could raise in the U.S. courts, and the |
| 15:49:17 | 13 | particular restrictions that Congress had placed upon *Legal* |
| 15:49:21 | 14 | *Services* attorneys are not particularly important for our |
| 15:49:24 | 15 | purposes but the fact that the U.S. Supreme Court said, No, if |
| 15:49:29 | 16 | you're going to have lawyers arguing before the federal courts, |
| 15:49:34 | 17 | they can't be restricted in their arguments because of two |
| 15:49:38 | 18 | reasons:  One is First Amendment rights of the lawyers, and |
| 15:49:41 | 19 | that's certainly in the *Legal Services*' decision, but the second |
| 15:49:44 | 20 | aspect that's in the *Legal Services*' decision is the fact that |
| 15:49:48 | 21 | the Supreme Court felt that in order to have an independent |
| 15:49:53 | 22 | judiciary, independent of Congress, you had to have lawyers who |
| 15:49:59 | 23 | could argue whatever they thought had to be argued. |
| 15:50:02 | 24 | So again we have a recent affirmation by the U.S. |
| 15:50:08 | 25 | Supreme Court that judicial power, when it comes to deciding |

| | | |
|---|---|---|
| 15:50:12 | 1 | what goes on in the courtroom, cannot be infringed by Congress. |
| 15:50:20 | 2 | Congress can make the laws that determines in our instances what |
| 15:50:26 | 3 | are crimes, what are the statutory minimums and what are the |
| 15:50:30 | 4 | statutory maximums, but under *Setser*, Congress cannot determine |
| 15:50:37 | 5 | whether or not that sentence shall be imposed consecutively or |
| 15:50:42 | 6 | concurrently.  That's something that the Court has always had |
| 15:50:45 | 7 | the authority to do and has not changed just because Congress |
| 15:50:52 | 8 | says We want it to be mandatory. |
| 15:50:57 | 9 | I think what is happening in our case, Judge, is we |
| 15:51:04 | 10 | have a very harsh, an extremely harsh, statute which Congress |
| 15:51:13 | 11 | perhaps envisioned in this sort of a situation.  Maybe it did; |
| 15:51:18 | 12 | maybe it didn't.  But what the U.S. Supreme Court tells us is |
| 15:51:21 | 13 | that Your Honor still retains the authority to decide how to |
| 15:51:27 | 14 | impose sentences that Congress mandates. |
| 15:51:30 | 15 | That's something the Court has had the authority to do |
| 15:51:33 | 16 | and it has not been taken away. |
| 15:51:36 | 17 | One other U.S. Supreme Court case, I think, is relevant |
| 15:51:40 | 18 | here -- it's cited also in my objections -- is the *Oregon v. Ice* |
| 15:51:47 | 19 | case.  In *Oregon*, apparently, in order for a judge to impose |
| 15:51:53 | 20 | consecutive sentences, the judge has to make some kind of a |
| 15:51:58 | 21 | finding that is dictated by Oregon's legislature, and the |
| 15:52:06 | 22 | defendant in the *Ice* case challenged that under *Apprendi*. |
| 15:52:11 | 23 | He says, "Wait a minute.  Since a judge is being asked |
| 15:52:14 | 24 | to make a finding which raises the effective maximum sentence |
| 15:52:17 | 25 | that can be imposed because if the judge makes the finding, |

| | | |
|---|---|---|
| 15:52:20 | 1 | suddenly sentences can be consecutive, then *Apprendi* applies." |
| 15:52:24 | 2 | The U.S. Supreme Court said no. Consecutive or |
| 15:52:30 | 3 | concurrent is something we've always let trial judges decide. |
| 15:52:33 | 4 | It's always been a matter for trial judges and just because in |
| 15:52:38 | 5 | this case Oregon has said we want judges to make a special |
| 15:52:41 | 6 | finding before they can impose consecutive sentences doesn't |
| 15:52:45 | 7 | take away from the fact that judges have traditionally enjoyed |
| 15:52:49 | 8 | the power to decide whether concurrent or consecutive sentences |
| 15:52:54 | 9 | will be imposed. |
| 15:52:56 | 10 | I don't think the *Ice* case is directly on point. It is |
| 15:53:00 | 11 | more an *Apprendi* case, but it does illustrate again this idea |
| 15:53:05 | 12 | that I think has always been there, that part of the power of |
| 15:53:11 | 13 | being a District Judge is the ability to decide whether a |
| 15:53:15 | 14 | sentence should be imposed consecutively or concurrently. |
| 15:53:21 | 15 | That's the argument I have, Judge, for the separation |
| 15:53:25 | 16 | of powers and judicial authority or judicial power argument. |
| 15:53:30 | 17 | THE COURT: All right, sir. So, Mr. Altman, I |
| 15:53:35 | 18 | understand your position from the papers, but I'd like to get |
| 15:53:38 | 19 | into it a little bit more. |
| 15:53:40 | 20 | MR. ALTMAN: Yes, sir, Your Honor. |
| 15:53:42 | 21 | THE COURT: The first issue is whether there is any |
| 15:53:50 | 22 | discretion under the applicable statute here to have concurrent |
| 15:53:58 | 23 | sentences in whole or in part, given the number of consecutive |
| 15:54:05 | 24 | sentences that have to be imposed which is tantamount to a life |
| 15:54:11 | 25 | sentence. |

| 15:54:12 | 1 | **MR. ALTMAN:**  There is not any discretion, Your Honor. |

**MR. ALTMAN:**  There is not any discretion, Your Honor.

**THE COURT:**  And the second question relates to whether the mandate to impose consecutive sentences trumps the § 3553(a) factors such that if, for instance, in Mr. Davis's case, I found that under that statute, 3553(a), because of his age and he doesn't have a long criminal history and all that, that a life sentence would not be the sentence I would impose if that were the only criteria, whether I'm precluded from looking at 3553(a) factors other than with regard to the initial sentence from which the rest have to be consecutive.

**MR. ALTMAN:**  Again, Your Honor, I would say that they do not trump one another.  The Supreme Court has said many times that two statutes must be interpreted in a way that makes them fit together without conflicting with one another, and there is one obvious and the most natural reading of both statutes is that 3553 actually provides, well, moving back for a moment, Title 18 United States Code § 924(c) seems to provide from its text and from the Supreme Court cases, including *Abbott* and going back to *Harris*, and all of the Eleventh Circuit cases interpreting it which I've cited in my response, principally among them *United States v. Hamblin*, 911 F.2d 551, a 1990 Eleventh Circuit case which upheld the constitutionality of the mandatory consecutive penalties under 924(c).

So the question becomes whether that mandatory and consecutive provision is in conflict with another statutory

| | | |
|---|---|---|
| 15:56:18 | 1 | provision, the one provided for in 18 U.S.C. § 3553.  The |
| 15:56:23 | 2 | answer, of course, is that Congress in 3553 provided certain |
| 15:56:28 | 3 | exceptions to the provisions of that statute, provided certain |
| 15:56:33 | 4 | exceptions when a court can depart below a mandatory sentencing |
| 15:56:39 | 5 | provision provided by another statute, and those are in 3553(e) |
| 15:56:43 | 6 | and in (f) and, of course, those are very limited exceptions, |
| 15:56:47 | 7 | and neither of them applies in this case. |
| 15:56:48 | 8 | So the natural reading of 924(c), together with |
| 15:56:53 | 9 | 3553(a), (e), and (f) is that 924(c) fits with 3553 so long as |
| 15:57:01 | 10 | one of the exceptions in either (e) or (f) does not apply, in |
| 15:57:05 | 11 | which case here they do not. |
| 15:57:08 | 12 | THE COURT:  Well, for instance, with regard to Counts |
| 15:57:12 | 13 | 1, 2, 4, 6, 8, 10, 13, 15, and 16, those counts are all |
| 15:57:26 | 14 | independent and, you know, if you move over to 3553(a), in |
| 15:57:35 | 15 | considering whether it ought to be a deviation from the |
| 15:57:39 | 16 | guidelines, I still have that discretion. |
| 15:57:42 | 17 | MR. ALTMAN:  Absolutely. |
| 15:57:43 | 18 | THE COURT:  Number 2, I have discretion but it would |
| 15:57:47 | 19 | have to be spelled out whether the sentence for those counts |
| 15:57:56 | 20 | should be consecutive or concurrent. |
| 15:58:01 | 21 | MR. ALTMAN:  To each other. |
| 15:58:02 | 22 | THE COURT:  To each other. |
| 15:58:03 | 23 | MR. ALTMAN:  Right.  With respect to 924(c), of course, |
| 15:58:06 | 24 | they would have to be, even if it were time served. |
| 15:58:09 | 25 | THE COURT:  Well, what I'm saying is before I get to |

| 15:58:13 | 1 | the other counts for which there are mandatory sentences, the |
|---|---|---|
| 15:58:19 | 2 | ones that I have enumerated, 1, 2, 4, 6, 8, 10, 13, 15, and 16, |
| 15:58:27 | 3 | which have zero to 20 years as the sentencing range |
| 15:58:35 | 4 | legislatively, also permit me to determine whether the sentence |
| 15:58:41 | 5 | for those counts should be concurrent or consecutive before |
| 15:58:46 | 6 | getting to any of the mandatories. |
| 15:58:54 | 7 | MR. ALTMAN:  That's correct, Your Honor. |
| 15:58:54 | 8 | THE COURT:  So I understand my discretion in that |
| 15:58:58 | 9 | respect.  The issue then is once those matters are determined, |
| 15:59:10 | 10 | whether the sentences are mandatory on me to impose |
| 15:59:17 | 11 | consecutively to whatever sentence I impose for those counts |
| 15:59:24 | 12 | that I mentioned. |
| 15:59:29 | 13 | I would like to find a way around it.  So, Mr. Zelman, |
| 15:59:36 | 14 | let me express it this way.  I believe I am bound by case law |
| 15:59:43 | 15 | that's directly on point that those are mandatory consecutive |
| 15:59:50 | 16 | sentences that have to follow the initial sentence that I |
| 15:59:54 | 17 | determine under the guidelines. |
| 16:00:00 | 18 | If I had discretion, I would not impose a sentence that |
| 16:00:09 | 19 | comes out to the number of years we're talking about here, given |
| 16:00:15 | 20 | that your client is a relatively young man, especially at the |
| 16:00:25 | 21 | time he committed these offenses, and that a life sentence seems |
| 16:00:32 | 22 | to me to be a very severe sentence. |
| 16:00:38 | 23 | I'm not saying I wouldn't impose a long sentence |
| 16:00:43 | 24 | because of the number of crimes and the seriousness of each |
| 16:00:47 | 25 | crime and the fact that weapons were used and the like, and |

16:00:55  1  there were various effects on the victims involved but that

16:00:59  2  doesn't necessarily equate to a life sentence.

16:01:02  3       So if it was a 3553(a) only analysis, it would be

16:01:11  4  different.  So I suppose what I'm saying is I'm setting this up

16:01:16  5  for you to go argue the point for resentencing if there is that

16:01:23  6  discretion, but I don't read the law that way.

16:01:27  7       I read the law that this is mandatory upon the Court,

16:01:31  8  imposed by Congress, and Congress has the right to say, "For

16:01:37  9  this kind of crime, this is the sentence."  They have a right to

16:01:45  10  impose, again consistent with the Constitution, sentences for

16:01:51  11  successive crimes.

16:01:52  12       It would be a different situation perhaps if all these

16:01:57  13  crimes occurred on the same day and there were

16:02:02  14  interrelationships and some blending as to whether or not

16:02:07  15  they're truly subsequent to each other, for instance, but

16:02:11  16  there's no factual issue here.

16:02:13  17       These are separate crimes, all occurring at different

16:02:17  18  times with different *modus operandis*, so I think that's really

16:02:26  19  the heart of the sentencing issue when you get down to it

16:02:30  20  because once you determine that the law is what it is, and it's

16:02:35  21  mandatory to have consecutive sentences.  That sort of takes care

16:02:39  22  of itself.  And what I do with the initial guideline sentence

16:02:47  23  really becomes of less importance because adding the consecutive

16:02:52  24  sentences together is a life sentence due to the number of

16:02:58  25  crimes and guns involved.

| | | |
|---|---|---|
| 16:03:02 | 1 | But let's go on here because there are other arguments. |
| 16:03:10 | 2 | So I believe that I am bound by case law from the United States |
| 16:03:14 | 3 | Supreme Court and the Eleventh Circuit that has affirmed |
| 16:03:20 | 4 | Congress's power to impose mandatory minimum penalties for |
| 16:03:23 | 5 | criminal offenses, even in situations like this where there are |
| 16:03:29 | 6 | multiple criminal offenses involving weapons and the like. |
| 16:03:34 | 7 | Let's turn to the third objection, please. Well, let |
| 16:03:44 | 8 | me give you the opportunity to articulate the objection that the |
| 16:03:49 | 9 | Sixth Amendment prohibits this Court from finding the |
| 16:03:54 | 10 | defendant's convictions on Counts 5, 7, 9, 11, 14, and 17 were |
| 16:04:00 | 11 | second or subsequent to his conviction on Count 3 or the like. |
| 16:04:05 | 12 | **MR. ZELMAN:** Yes, Judge. |
| 16:04:09 | 13 | In my objection, I indicated that it was based both |
| 16:04:13 | 14 | upon the Sixth Amendment and due process. I also indicated that |
| 16:04:17 | 15 | the Eleventh Circuit in the *Woodruff* case back in 2002 had ruled |
| 16:04:22 | 16 | against my argument with respect to the Sixth Amendment claim. |
| 16:04:27 | 17 | That's the *Apprendi*-type crime. |
| 16:04:31 | 18 | What I think is important is just for me to clarify the |
| 16:04:36 | 19 | difference, to the extent they are different, the due process |
| 16:04:39 | 20 | claim versus the Sixth Amendment claim. They're definitely |
| 16:04:42 | 21 | closely related. |
| 16:04:43 | 22 | *McMillan* was a Supreme Court case that came out |
| 16:04:46 | 23 | pre-*Apprendi*, before there was this concept that the jury |
| 16:04:51 | 24 | decides sentencing factors that are not really sentencing |
| 16:04:54 | 25 | factors. |

| | | |
|---|---|---|
| 16:04:56 | 1 | In *McMillan*, the U.S. Supreme Court said that |
| 16:05:01 | 2 | legislatures and, by implication, Congress can establish minimum |
| 16:05:08 | 3 | mandatory terms of imprisonment for a particular crime, and they |
| 16:05:12 | 4 | held, again in *McMillan*, that it is appropriate for the |
| 16:05:18 | 5 | sentencer to determine those facts or sentencing factors that |
| 16:05:23 | 6 | are required to trigger the minimum terms or the mandatory |
| 16:05:29 | 7 | minimum term. |
| 16:05:31 | 8 | But what the Court did in *McMillan* is it said, "But |
| 16:05:35 | 9 | there's a catch."  There's a due process limitation here.  If |
| 16:05:40 | 10 | that finding that is being made by the judge becomes so |
| 16:05:45 | 11 | important to the case that it is really driving what is going |
| 16:05:51 | 12 | on, as the Court phrased it, it becomes the tail that wags the |
| 16:05:59 | 13 | dog, and then there's a due process violation and we would hold so |
| 16:06:03 | 14 | says the Court. |
| 16:06:03 | 15 | As far as I know, the Supreme Court has not revisited |
| 16:06:06 | 16 | *McMillan* since *Apprendi* came out.  *Apprendi* came out a number of |
| 16:06:10 | 17 | years later, approximately ten years -- I'm not sure of the |
| 16:06:12 | 18 | exact number -- and the tail wagging the dog argument has faded, |
| 16:06:18 | 19 | given that we've all been concentrating on *Apprendi* for the last |
| 16:06:24 | 20 | 12 years, but I think there is a relationship that exists and it |
| 16:06:28 | 21 | is illustrated in this case. |
| 16:06:30 | 22 | The Government is asking you right now to make a |
| 16:06:35 | 23 | finding, however simple and however basic it may be, that what |
| 16:06:40 | 24 | occurred in this case relative to the charges in the Indictment |
| 16:06:46 | 25 | is that there are second or subsequent convictions of different |

Sentencing Proceedings

| | | |
|---|---|---|
| 16:06:53 | 1 | crimes. |
| 16:06:54 | 2 | They're asking you to do that, Judge.  They didn't ask |
| 16:06:57 | 3 | the jury to do it because they didn't put it in the Indictment |
| 16:07:00 | 4 | and, of course, the jury wasn't instructed on something that's |
| 16:07:03 | 5 | not in the Indictment. |
| 16:07:04 | 6 | The Eleventh Circuit says under *Apprendi* that's not a |
| 16:07:08 | 7 | problem.  So although I can disagree with it, I can't argue |
| 16:07:13 | 8 | anything more than my belief that the Eleventh Circuit was |
| 16:07:16 | 9 | wrong; but the Eleventh Circuit has never addressed the *McMillan* |
| 16:07:22 | 10 | tail wagging the dog argument, and that's what I think the Court |
| 16:07:26 | 11 | should consider. |
| 16:07:26 | 12 | What you would be doing in making that finding is |
| 16:07:29 | 13 | making a finding which is having a greater impact by a factor of |
| 16:07:38 | 14 | dozens because I believe that the sentence under the guidelines |
| 16:07:44 | 15 | would be a mere fraction of the 157-odd years that the |
| 16:07:50 | 16 | Government is asking for. |
| 16:07:53 | 17 | What is happening is that the tail is wagging the dog, |
| 16:07:57 | 18 | and that violates due process and therefore the Court shouldn't |
| 16:08:03 | 19 | do it, shouldn't go forward in this way. |
| 16:08:06 | 20 | **MR. ALTMAN:**  Your Honor, as I indicated in my response, |
| 16:08:11 | 21 | this case is different from *McMillan*, first of all, because |
| 16:08:14 | 22 | *McMillan* was a case about judicial fact-finding. |
| 16:08:18 | 23 | The Court isn't finding any facts here.  The Indictment |
| 16:08:21 | 24 | charged the defendant with committing these crimes on different |
| 16:08:25 | 25 | days.  The jury found that those crimes were committed on those |

| | | |
|---|---|---|
| 16:08:29 | 1 | different days and that the defendant had committed these crimes |
| 16:08:32 | 2 | on those days, found that was what the evidence at trial proved |
| 16:08:36 | 3 | and that's what the jury found, and now that triggered a |
| 16:08:40 | 4 | mandatory minimum provision. |
| 16:08:43 | 5 | So to the extent that *McMillan* deals with the problems |
| 16:08:47 | 6 | of judicial fact-finding at sentencing, that issue really is not |
| 16:08:51 | 7 | present here.  Then, of course, to the extent that the issue is |
| 16:08:54 | 8 | whether or not *Apprendi* applies, it does not because although |
| 16:08:58 | 9 | the sentence may be higher than what the Court would have |
| 16:09:02 | 10 | otherwise imposed, not one of these additional mandatory minimum |
| 16:09:07 | 11 | provisions in any way increases the maximum penalty the |
| 16:09:10 | 12 | defendant is facing which at all times was life. |
| 16:09:14 | 13 | **THE COURT:**  Anything else on this third objection? |
| 16:09:17 | 14 | **MR. ALTMAN:**  No, Your Honor. |
| 16:09:20 | 15 | **MR. ZELMAN:**  I would just point out that I do disagree |
| 16:09:24 | 16 | with something Mr. Altman said, and that's that the jury is |
| 16:09:28 | 17 | making this finding. |
| 16:09:30 | 18 | I think the *Apprendi* cases, including the *Woodruff* |
| 16:09:34 | 19 | decision decided by the Eleventh Circuit, point out that the |
| 16:09:37 | 20 | Court is making this finding, and it may not be a very |
| 16:09:41 | 21 | complicated finding but the Court is making the finding that |
| 16:09:45 | 22 | there are second or subsequent convictions involved and, |
| 16:09:51 | 23 | therefore, I think the *McMillan* argument is triggered and should |
| 16:09:56 | 24 | prevail. |
| 16:10:00 | 25 | **THE COURT:**  All right.  I adopt the Government's |

| | | |
|---|---|---|
| 16:10:01 | 1 | position and its interpretation of *McMillan* here.  The |
| 16:10:09 | 2 | Indictment charged separate crimes on separate dates.  The |
| 16:10:12 | 3 | verdict found separate crimes on separate dates. |
| 16:10:19 | 4 | It is not the Court's fact-finding here that is at |
| 16:10:25 | 5 | issue.  The jury has determined by its verdict that these crimes |
| 16:10:32 | 6 | are separate and independent of each other and that one followed |
| 16:10:37 | 7 | the other because that's what was charged in the Indictment and |
| 16:10:45 | 8 | proven, at least as to the dates involved. |
| 16:10:47 | 9 | So I don't believe that this falls within that issue. |
| 16:10:59 | 10 | With regard to the fourth objection, Eighth Amendment issues, |
| 16:11:05 | 11 | that the sentence is in violation of the Eighth Amendment, your |
| 16:11:12 | 12 | position on this? |
| 16:11:13 | 13 | **MR. ALTMAN:**  Yes, Your Honor.  I actually did some |
| 16:11:16 | 14 | research on this.  I was able to find no case that was similar |
| 16:11:19 | 15 | to this case in the country where any court has found that a |
| 16:11:25 | 16 | sentence of life for eight armed robberies, particularly where |
| 16:11:32 | 17 | guns are used, and in two cases were fired, was cruel and unusual |
| 16:11:37 | 18 | under the Eighth Amendment, even for someone without a criminal |
| 16:11:40 | 19 | history. |
| 16:11:41 | 20 | I think it's notable, of course, that Mr. Zelman found |
| 16:11:44 | 21 | none either.  The one case that he does cite, I think, is |
| 16:11:48 | 22 | poignant in the facts of that case.  It was a check fraud scheme |
| 16:11:52 | 23 | where the defendant was sentenced to life.  That's obviously |
| 16:11:56 | 24 | inapposite here. |
| 16:11:57 | 25 | We have a defendant who, although the Court may have |

| | | |
|---|---|---|
| 16:12:00 | 1 | sentenced him to a lesser term were it not for the mandatory |
| 16:12:03 | 2 | minimum provisions, did engage in extremely serious conduct as |
| 16:12:07 | 3 | the Court appointed out. |
| 16:12:08 | 4 | He participated with multiple other defendants wearing |
| 16:12:10 | 5 | masks and holding loaded guns and robbed actually seven, I |
| 16:12:15 | 6 | apologize, seven different locations, each time on a different |
| 16:12:20 | 7 | day.  In addition to that, Your Honor, on two of those occasions |
| 16:12:25 | 8 | the defendant actually was the one who fired his weapon, once of |
| 16:12:29 | 9 | course was at a dog while defendants were all fleeing from the |
| 16:12:32 | 10 | Advanced Auto Parts.  So that's so far as that goes. |
| 16:12:37 | 11 | But in the second case on September 26, 2010, that was |
| 16:12:41 | 12 | at a Wendy's when the defendant actually exchanged gunfire with |
| 16:12:46 | 13 | Antonio Brooks who was one of the customers at the Wendy's who |
| 16:12:49 | 14 | testified here in court, and I'm not sure exactly how many |
| 16:12:53 | 15 | bullets were fired.  I don't remember exactly the testimony, but |
| 16:12:57 | 16 | the defendant did fire bullets. |
| 16:12:58 | 17 | Mr. Brooks did fire back and actually the defendant's |
| 16:13:01 | 18 | codefendant, Willie Smith, was struck in the rear part of his |
| 16:13:05 | 19 | body by one of Mr. Brooks' bullets. |
| 16:13:09 | 20 | Then, of course, during the beauty salon robbery on |
| 16:13:12 | 21 | September 25, 2010, it was the defendant who went into |
| 16:13:17 | 22 | the taekwondo studio that was next-door to the beauty salon |
| 16:13:24 | 23 | where approximately 15 to 20 kids were performing their karate |
| 16:13:27 | 24 | graduation rituals with their parents. |
| 16:13:30 | 25 | All of the kids screamed and ran out the back door |

| | | |
|---|---|---|
| 16:13:33 | 1 | while the defendant pointed his armed gun at everyone and, of |
| 16:13:36 | 2 | course, it was the defendant who wrestled the victim, Edwin |
| 16:13:40 | 3 | Negron, to the ground and pointed his gun at the victim. |
| 16:13:43 | 4 | So although the Court may not have imposed a sentence |
| 16:13:46 | 5 | of 157 years, certainly the defendant's crimes are not check |
| 16:13:51 | 6 | kiting.  They are very serious crimes, and I could find no case |
| 16:13:54 | 7 | and I think Mr. Zelman -- I don't want to speak for him -- he |
| 16:13:58 | 8 | hasn't cited a case where punishment like this for a case like |
| 16:14:04 | 9 | this was found by any court in the United States to be cruel and |
| 16:14:07 | 10 | unusual under the Eighth Amendment. |
| 16:14:09 | 11 | **THE COURT:**  Mr. Zelman? |
| 16:14:12 | 12 | **MR. ZELMAN:**  The Eighth Amendment, Your Honor, was |
| 16:14:15 | 13 | thought for years to be for capital sentencing situations. |
| 16:14:21 | 14 | That's the body of law that existed prior to *Solem*. |
| 16:14:26 | 15 | When *Solem v. Helm* came out, there suddenly was the |
| 16:14:31 | 16 | opportunity for real arguments to be made and Courts to actually |
| 16:14:35 | 17 | make decisions based upon the Eighth Amendment. |
| 16:14:38 | 18 | There's not a lot of case law on it subsequent to *Solem* |
| 16:14:44 | 19 | and although Mr. Altman's right that I did not find a case |
| 16:14:48 | 20 | similar to ours, let me also take issue with some of the facts |
| 16:14:53 | 21 | that he represented. |
| 16:14:54 | 22 | Our jury did not make findings with respect to who |
| 16:14:58 | 23 | fired weapons, and certainly the testimony is disputed clearly |
| 16:15:02 | 24 | with respect to who fired at Mr. Brooks during the Wendy's |
| 16:15:06 | 25 | robbery, but I don't want to get into that, Judge.  I don't think |

| | | |
|---|---|---|
| 16:15:10 | 1 | the Court needs to hear that again. |
| 16:15:13 | 2 | The fact that even if Mr. Davis had fired weapons, that |
| 16:15:22 | 3 | the Court is required to impose 157 years is enough for the |
| 16:15:29 | 4 | Court to recognize that this is cruel and unusual. |
| 16:15:33 | 5 | I don't think you need to get into who fired the |
| 16:15:36 | 6 | weapons and how many bullets were fired to know that it's a |
| 16:15:41 | 7 | serious crime which I accede. I'm not arguing that it's not |
| 16:15:49 | 8 | serious crimes, a slip of the tongue, Judge. I don't want to |
| 16:15:50 | 9 | imply that I think this is really one criminal episode. To be |
| 16:15:52 | 10 | honest, it's not. I mean, it occurred over a period of time. |
| 16:15:57 | 11 | I'm not making that argument, but I am making the |
| 16:16:00 | 12 | argument that Mr. Davis is not a person who has been given the |
| 16:16:10 | 13 | chance to correct his life by the first judge he appeared in |
| 16:16:14 | 14 | front of for sentencing. |
| 16:16:22 | 15 | He's a first offender as he stands or sits now in front |
| 16:16:25 | 16 | of you. He's a young man who was never given any punishment |
| 16:16:28 | 17 | before by a judge. He's a first offender. For the Court to |
| 16:16:34 | 18 | impose 157 years on somebody who has never before been punished, |
| 16:16:41 | 19 | I think, is cruel and unusual. |
| 16:16:44 | 20 | THE COURT: Well, the issue also is whether a life |
| 16:16:51 | 21 | sentence for these crimes based upon consecutive sentences for |
| 16:16:59 | 22 | use and brandishing of weapons in a violent, dangerous way would |
| 16:17:05 | 23 | violate the Eighth Amendment. |
| 16:17:07 | 24 | I don't believe that the case law establishes that it |
| 16:17:11 | 25 | does. Certainly, 157 years is a shocking number but even if it |

| | | |
|---|---|---|
| 16:17:22 | 1 | were 70 years added to, for instance, the crimes for which the |
| 16:17:31 | 2 | guidelines apply, it is virtually a life sentence. |
| 16:17:37 | 3 | So it comes to a point where the number of years is |
| 16:17:43 | 4 | less important than whether the number of consecutive sentences |
| 16:17:50 | 5 | added together equal a life sentence and whether that under the |
| 16:17:56 | 6 | facts and circumstances would be a cruel and unusual punishment |
| 16:18:04 | 7 | as a matter of law. |
| 16:18:05 | 8 | MR. ZELMAN:  Judge, excuse the interruption. |
| 16:18:08 | 9 | THE COURT:  Go ahead, sir. |
| 16:18:11 | 10 | MR. ZELMAN:  I think the focus on 157 years is |
| 16:18:15 | 11 | important.  Of course, it's equivalent to a life sentence but |
| 16:18:20 | 12 | the fact that this sentencing structure which is mandated by the |
| 16:18:27 | 13 | statutes that we are dealing with comes out to 157 years shows |
| 16:18:32 | 14 | that this is unusual and it is cruel. |
| 16:18:36 | 15 | If it had simply been somebody who does this, this, and |
| 16:18:41 | 16 | this should get life, that would be tough for me to make an |
| 16:18:48 | 17 | argument that it's cruel or that it's unusual.  But the fact |
| 16:18:51 | 18 | that the numbers add up to 157 shows how odd we are in dealing |
| 16:19:00 | 19 | with this situation. |
| 16:19:03 | 20 | THE COURT:  You see, even as to Count 3, the minimum |
| 16:19:07 | 21 | consecutive term of imprisonment is seven years and the maximum |
| 16:19:12 | 22 | term is life.  I mean, even before you get to the other counts, |
| 16:19:19 | 23 | you have the situation where just that additional count opens |
| 16:19:24 | 24 | the door to a life sentence. |
| 16:19:28 | 25 | So I'm not sure that your argument gets around the fact |

| 16:19:40 | 1 | that even if you had a lesser number of years associated with |

that even if you had a lesser number of years associated with
the consecutive sentences, it would avoid the life sentence
which is really the issue here.

MR. ZELMAN:  Well, Judge, to be precise, my Eighth
Amendment argument is again focused in upon that portion of the
statute which says that these sentences are to be consecutive
because if they were not consecutive, even given the fact that
mandatory 25-year terms are in the statute, I think the Court
could impose a sentence that would comport fully with the Eighth
Amendment.  I'm not disputing that, and I'm not arguing that
there should be anything less than 25 years as the appropriate
sentence under the Eighth Amendment, but it is the consecutive
nature that is mandated by 924 that, I think, fails under the
Eighth Amendment.

THE COURT:  Anything else, Mr. Altman?

MR. ALTMAN:  No, Your Honor.

THE COURT:  I'm going to deny the fourth objection,
finding no constitutional violation of the Eighth Amendment
here, again because of the nature of the facts and circumstances
of the individual crimes and the fact that a life imprisonment
term is permissible as a legislative matter by Congress given
the totality of what occurred.

The fifth objection?

MR. ALTMAN:  Your Honor, the fifth objection I think
we've already covered.  It's the interposition between 924(c)

| | | |
|---|---|---|
| 16:21:29 | 1 | and 3553. |
| 16:21:34 | 2 | **THE COURT:**  All right.  I would like to make clear what |
| 16:21:39 | 3 | my personal position is on this so that you can argue this for |
| 16:21:48 | 4 | what it's worth as this matter is further appealed. |
| 16:21:52 | 5 | If this were a matter of only looking at the statutory |
| 16:21:57 | 6 | criteria, I would impose a sentence here that would not be a |
| 16:22:04 | 7 | life sentence.  It would be a very lengthy sentence.  I would |
| 16:22:10 | 8 | think that a sentence here, given his age, 20, of 40 years for |
| 16:22:18 | 9 | all these very serious, serious crimes would be one that would, |
| 16:22:27 | 10 | as the statute says, be sufficient but not greater than |
| 16:22:36 | 11 | necessary. |
| 16:22:37 | 12 | Mr. Davis would leave prison an old man and hopefully |
| 16:22:46 | 13 | at that point certainly rehabilitated and less dangerous to |
| 16:22:54 | 14 | society, but I don't have that discretion as I see it as a legal |
| 16:23:01 | 15 | matter, so that's where I find myself on this. |
| 16:23:10 | 16 | I'm going to then deny the objections but turn it back |
| 16:23:16 | 17 | to you for whatever you think is appropriate to put on this |
| 16:23:19 | 18 | record.  Of course, Mr. Davis has a right to make a statement on |
| 16:23:24 | 19 | his own behalf, but I did want to at least make this comment for |
| 16:23:29 | 20 | the record so when it is argued, I'm not finding here that I |
| 16:23:34 | 21 | would impose a life sentence, given the fact that when he |
| 16:23:37 | 22 | committed these crimes he was less than 20 years old and also he |
| 16:23:45 | 23 | didn't have a criminal record. |
| 16:23:48 | 24 | I know you submitted some additional matters on the |
| 16:23:53 | 25 | psychological profile that I have looked at and find to be |

| | | |
|---|---|---|
| 16:24:02 | 1 | important factors, but go ahead, Mr. Zelman. |
| 16:24:04 | 2 | **MR. ZELMAN:**  Thank you, Judge.  Now, legally I think |
| 16:24:07 | 3 | Your Honor has heard my arguments and ruled.  Mr. Davis's mother |
| 16:24:14 | 4 | and father are here.  They drove down from Dothan, Alabama. |
| 16:24:20 | 5 | I don't know that there's much anybody can say.  I did |
| 16:24:23 | 6 | discuss with Mr. Davis whether he wanted to make a statement. |
| 16:24:28 | 7 | Quite honestly, I don't know where we are on that right now. |
| 16:24:30 | 8 | **THE COURT:**  Well, my job is to ask him directly. |
| 16:24:33 | 9 | **MR. ZELMAN:**  Yes. |
| 16:24:35 | 10 | **THE COURT:**  Mr. Davis, you have a right to make a |
| 16:24:38 | 11 | statement on your own behalf at this juncture if you wish to do |
| 16:24:43 | 12 | so. |
| 16:24:47 | 13 | **THE DEFENDANT:**  No. |
| 16:24:47 | 14 | **THE COURT:**  All right, sir. |
| 16:24:50 | 15 | To the family, I did want to wait for you to arrive in |
| 16:24:55 | 16 | court.  I know that this is a very difficult day for everybody |
| 16:25:01 | 17 | involved, and I wanted you to be here so that you could be |
| 16:25:06 | 18 | present for all these arguments and understand what's at issue |
| 16:25:12 | 19 | here. |
| 16:25:12 | 20 | So is there anybody that wishes to make a statement? |
| 16:25:18 | 21 | **MR. ZELMAN:**  Judge, I should say that Mr. Bell who's |
| 16:25:21 | 22 | here is a stepfather, not his biological father. |
| 16:25:22 | 23 | **THE COURT:**  All right. |
| 16:25:41 | 24 | **MR. ZELMAN:**  Can I have a moment, Judge? |
| 16:25:42 | 25 | **THE COURT:**  Yes. |

| | | |
|---|---|---|
| 16:27:01 | 1 | **MR. ZELMAN:**  Your Honor, I don't believe there'll be |
| 16:27:05 | 2 | any statements from Ms. Bell or Mr. Bell. |
| 16:27:10 | 3 | **THE COURT:**  All right, sir.  Let me ask one question |
| 16:27:12 | 4 | about restitution.  The probation officer notes restitution in |
| 16:27:16 | 5 | the amount of $138,295.  Is that correct? |
| 16:27:24 | 6 | **MR. ALTMAN:**  Your Honor, that is the amount that was |
| 16:27:27 | 7 | ordered by Judge Lenard with respect to the other defendants, |
| 16:27:30 | 8 | and the reason is that is how much was stolen from the Mayors |
| 16:27:33 | 9 | Jewelry Store. |
| 16:27:33 | 10 | To be quite honest, I haven't gone over that with |
| 16:27:36 | 11 | Mr. Zelman because the representative from Mayors couldn't be |
| 16:27:39 | 12 | here today, but that is the amount that they have provided an |
| 16:27:45 | 13 | affidavit with respect to that amount, about how much was |
| 16:27:47 | 14 | stolen, and it's the evidence that was introduced at restitution |
| 16:27:51 | 15 | hearings in front of Judge Lenard for the five codefendants, |
| 16:27:58 | 16 | well, at least one of the codefendants who pled before |
| 16:28:00 | 17 | Mr. Davis. |
| 16:28:00 | 18 | **THE COURT:**  Well, if necessary, I can sever out the |
| 16:28:05 | 19 | restitution and have that as a separate hearing with evidence |
| 16:28:07 | 20 | unless the amount is not disputed, Mr. Zelman.  I don't know |
| 16:28:10 | 21 | what your position is on that. |
| 16:28:17 | 22 | **MR. ZELMAN:**  Well, I think the prudent thing to do is |
| 16:28:21 | 23 | that there be no stipulation as to the restitution.  I don't |
| 16:28:25 | 24 | think that's appropriate. |
| 16:28:26 | 25 | **THE COURT:**  All right.  Very well then.  What I have to |

| | | |
|---|---|---|
| 16:28:29 | 1 | do, Mr. Altman, is to sever out the restitution, and we need to |
| 16:28:37 | 2 | have a hearing on this not later than -- let's see.  It's 90 |
| 16:28:46 | 3 | days is the max, so -- |
| 16:28:49 | 4 | **MR. ALTMAN:**  July at some point. |
| 16:28:52 | 5 | **THE COURT:**  Some time in the early part of July, the |
| 16:28:58 | 6 | first week or two, so I need a date on that.  Can you get one for |
| 16:29:03 | 7 | me, please? |
| 16:29:09 | 8 | Okay.  We'll put that date in.  However, if before that |
| 16:29:15 | 9 | date, Mr. Zelman, you're satisfied that the evidence would |
| 16:29:20 | 10 | justify an amount, an agreed amount of restitution, then I would |
| 16:29:26 | 11 | not have to have a hearing, but I would have to announce that in |
| 16:29:30 | 12 | court as an amendment to the judgment. |
| 16:29:34 | 13 | **MR. ZELMAN:**  We'll certainly look into it, Judge, and |
| 16:29:36 | 14 | I'll discuss that with Mr. Altman. |
| 16:29:38 | 15 | **THE COURT:**  All right.  So we will put into the |
| 16:29:40 | 16 | sentencing order a date certain for the restitution hearing |
| 16:29:45 | 17 | which would be less than 90 days. |
| 16:29:47 | 18 | **MR. ALTMAN:**  And, Your Honor, if I could just be clear |
| 16:29:49 | 19 | for the record, I think I had said that that amount was ordered |
| 16:29:52 | 20 | in all of the codefendants' cases.  I don't remember each one |
| 16:29:55 | 21 | individually.  I know, because it happened about a month ago, |
| 16:29:58 | 22 | that it was ordered in at least one of the defendants' cases and |
| 16:30:03 | 23 | I think that was Sylvester Fisher. |
| 16:30:05 | 24 | **THE COURT:**  Well, regardless -- |
| 16:30:07 | 25 | **MR. ALTMAN:**  Right. |

| 16:30:07 | 1 | THE COURT:  -- that would have to be a matter of proof. |

16:30:07   1      THE COURT:  -- that would have to be a matter of proof.

16:30:10   2      MR. ALTMAN:  Sure.  I just didn't want to make a

16:30:13   3  misrepresentation.

16:30:14   4      THE COURT:  Understood, sir.  Is there anything else

16:30:16   5  then on this sentencing?

16:30:18   6      MR. ZELMAN:  Judge, I would ask that Your Honor

16:30:21   7  recommend in the sentencing order, in the judgment, that

16:30:24   8  Mr. Davis be incarcerated as near to Dothan, Alabama as

16:30:30   9  reasonably possible.

16:30:31  10      THE COURT:  I will make that recommendation and tell me

16:30:36  11  again the town.

16:30:38  12      MR. ZELMAN:  Dothan.

16:30:47  13      THE COURT:  I know you've explained to Mr. Davis and

16:30:49  14  the family that it's only a recommendation and the Bureau of

16:30:55  15  Prisons has full discretion of placement; but to the extent it's

16:30:59  16  helpful, I will make that recommendation.

16:31:04  17      Let me also comment with regard to the calculation of

16:31:12  18  the sentencing guidelines here.  There is no dispute that as to

16:31:18  19  each of the counts -- I believe it's 1, 2, 4, 6, 8, 10, 13, 15,

16:31:24  20  and 16 -- the guideline range was properly calculated at 57 to

16:31:32  21  71 months.

16:31:34  22      For those counts considering the seriousness of the

16:31:39  23  crimes involved in those counts particularly, I would sentence

16:31:46  24  at the low end of the advisory guidelines at 57 months, not go

16:31:58  25  below that, notwithstanding the consecutive sentences.

Sentencing Proceedings

| | | |
|---|---|---|
| 16:32:01 | 1 | I think the consecutive sentence issue is one, as I |
| 16:32:05 | 2 | said, that would have to be argued to the Eleventh Circuit or |
| 16:32:12 | 3 | beyond as it applies in this case, but those counts at least |
| 16:32:22 | 4 | would be all concurrent for 57 months. |
| 16:32:27 | 5 | So I've considered the statements of the parties and |
| 16:32:30 | 6 | the presentence report which contains the advisory guidelines, |
| 16:32:36 | 7 | the statutory factors and also the mandatory minimums here.  I |
| 16:32:40 | 8 | find the defendant is not able to pay a fine.  I reserve on |
| 16:32:44 | 9 | restitution to set a restitution hearing on a date certain. |
| 16:32:49 | 10 | It is the judgment of the Court that the defendant is |
| 16:32:52 | 11 | committed to the Bureau of Prisons for a term of 1,941 months. |
| 16:33:00 | 12 | This term consists of concurrent terms of 57 months as to each |
| 16:33:05 | 13 | of Counts 1, 2, 4, 6, 8, 10, 13, 15, and 16; 84 months as to |
| 16:33:13 | 14 | Count 3 to be served consecutively to the terms imposed as to |
| 16:33:18 | 15 | Counts 1, 2, 4, 6, 8, 10, 13, 15, and 16; and 300 months as to |
| 16:33:27 | 16 | each of Counts 5, 7, 9, 11, 14, and 17, to be served |
| 16:33:34 | 17 | consecutively to each other and to the term imposed in Count 3. |
| 16:33:39 | 18 | I have reserved on restitution as I have indicated. |
| 16:33:43 | 19 | Upon release from imprisonment if that should occur, |
| 16:33:48 | 20 | the defendant shall be placed on supervised release for a term |
| 16:33:51 | 21 | of five years.  This term consists of terms of three years as to |
| 16:33:57 | 22 | each of Counts 1, 2, 4, 6, 8, 10, 13, 15, and 16, and five years |
| 16:34:03 | 23 | as to each of Counts 3, 5, 7, 9, 11, 14, and 17, all such terms |
| 16:34:11 | 24 | to run concurrently. |
| 16:34:12 | 25 | Within 72 hours of release from the custody of the |

| | | |
|---|---|---|
| 16:34:15 | 1 | Bureau of Prisons, he would report in person to the probation |
| 16:34:21 | 2 | officer in the district to which he is released. |
| 16:34:25 | 3 | While on supervised release, the defendant shall not |
| 16:34:28 | 4 | commit any crime, shall be prohibited from possessing a firearm |
| 16:34:32 | 5 | or other dangerous devices, shall not possess a controlled |
| 16:34:36 | 6 | substance, shall cooperate in the collection of DNA, and shall |
| 16:34:40 | 7 | comply with the standard conditions of supervised release, |
| 16:34:44 | 8 | including the special conditions set forth in Part G of the |
| 16:34:47 | 9 | presentence report dealing with mental health treatment, |
| 16:34:53 | 10 | substance abuse treatment, finances disclosure requirement, no |
| 16:34:56 | 11 | new debt restriction, self-employment restriction and |
| 16:35:00 | 12 | permissible search. |
| 16:35:01 | 13 | He shall immediately pay to the United States a special |
| 16:35:04 | 14 | assessment of $100 as to each of Count 1 through 11, and 13 |
| 16:35:09 | 15 | through 17, for a total of $1,600. |
| 16:35:13 | 16 | Total sentence is 1,941 months' imprisonment, |
| 16:35:19 | 17 | restitution to be considered as a later date, five years' |
| 16:35:23 | 18 | supervised release and a $1,600 special assessment. |
| 16:35:28 | 19 | Now, Mr. Zelman, are you going to stay on the case as |
| 16:35:36 | 20 | appellate attorney? |
| 16:35:38 | 21 | **MR. ZELMAN:**  I have discussed that.  Thank you, Judge, |
| 16:35:40 | 22 | for inquiring about that.  I have discussed that with Mr. Davis. |
| 16:35:47 | 23 | I do appeals.  I don't think there is an answer right now. |
| 16:35:52 | 24 | **THE COURT:**  All right.  But I would like for you to |
| 16:35:53 | 25 | file the notice of appeal -- |

| | | |
|---|---|---|
| 16:35:56 | 1 | **MR. ZELMAN:** Of course. |
| 16:35:57 | 2 | **THE COURT:** -- on his behalf. And if there's a request |
| 16:36:02 | 3 | for substitution of counsel, that can occur after. |
| 16:36:04 | 4 | **MR. ZELMAN:** Thank you, sir. One other thing also, |
| 16:36:07 | 5 | Your Honor. I don't know if it takes an order, but Mr. Davis |
| 16:36:11 | 6 | should not be transferred until the restitution matter has been |
| 16:36:15 | 7 | resolved. |
| 16:36:15 | 8 | **THE COURT:** Yes. I'll make sure of that. Why don't |
| 16:36:20 | 9 | you come up with something. |
| 16:36:22 | 10 | **MR. ALTMAN:** Your Honor, I just had this issue in front |
| 16:36:25 | 11 | of Judge Moore, and I believe the Court needs to put in a writ |
| 16:36:32 | 12 | ad prosequendum -- that's what it's called -- with the marshals, |
| 16:36:36 | 13 | and the marshals will hold him pending the restitution hearing. |
| 16:36:39 | 14 | **THE COURT:** Would you come up with a proper document |
| 16:36:42 | 15 | between the two of you and give it to me to sign? |
| 16:36:45 | 16 | **MR. ALTMAN:** Will do, Judge. |
| 16:36:47 | 17 | **THE COURT:** All right. So let me go over this with |
| 16:36:49 | 18 | you, Mr. Davis. You have a right to appeal the sentence I've |
| 16:36:54 | 19 | imposed. Any notice of appeal must be filed within 14 days |
| 16:37:00 | 20 | after the entry of judgment. |
| 16:37:03 | 21 | Now, Mr. Zelman will meet with you and discuss your |
| 16:37:07 | 22 | appeal with you, and he has agreed to file the notice on your |
| 16:37:13 | 23 | behalf. Because of your indigency, you would not have to pay |
| 16:37:18 | 24 | for the cost of an appeal and an attorney, Mr. Zelman or |
| 16:37:23 | 25 | otherwise, would be appointed to represent you during the |

| 16:37:27 | 1 | appeal. |
|---|---|---|

16:37:30   2        Other than as stated, are there any additional

16:37:34   3   objections to the sentence imposed here?

16:37:37   4        **MR. ALTMAN:**  Not from the United States, Your Honor.

16:37:39   5        **MR. ZELMAN:**  No, sir.

16:37:39   6        **THE COURT:**  Then let me preserve all your objections

16:37:42   7   that you've made, Mr. Zelman, for further review without you

16:37:46   8   having to restate them then.

16:37:49   9        Is there anything else then before the Court?

16:37:51   10        **MR. ALTMAN:**  No, Your Honor.

16:37:52   11        **MR. ZELMAN:**  No, sir.

16:37:53   12        **THE COURT:**  All right.  Thank you.

16:37:58   13        [The proceedings conclude at 4:37 p.m., 4/30/12.]

14                              **C E R T I F I C A T E**

15        I hereby certify that the foregoing is an accurate transcription of the

16   proceedings in the above-entitled matter.

17

18   __05.07.12__                    _____
         DATE                        JOSEPH A. MILLIKAN, RPR-CM-NSC-FCRR
19                                   *Official United States Court Reporter*
                                     *Federally Certified Realtime Reporter*
20                                   400 North Miami Avenue, Suite 11-1
                                     Miami, FL 33128              305.523.5588
21                                                          (Fax) 305.523.5589
                                     josephamillikan@gmail.com

22

23

24

25